VENABLE (UNITED STATES v.). See Cases Nos 16,615, 16,616.

VENTURE, The. See Case No. 2,544.

## Case No. 16,914.

### The VENUS.

[Blatchf. Pr. Cas. 129.] [1]

District Court, S D. New York. March, 1862.

PRIZE—VIOLATION OF BLOCKADE.

Vessel and cargo condemned as enemy property, and for an attempt to violate the blockade.

Mr. Woodford, for the United States.

BETTS, District Judge. This vessel was arrested, as prize, in the Gulf of Mexico, off the state of Texas, December 26, 1861, by the United States steamer Rhode Island, and, being of small value, and unfit to send by sea to a Northern port, was surveyed and valued by a navy board appointed for the occasion by a flag officer of the United States navy, and, on such valuation, was, by such officer, appropriated and applied to the use and service of the United States. The vessel was employed in the coasting trade between the Confederate States, and was enemy property, and was laden with a cargo cleared at Point Isabel, a port of Texas, for Franklin, in the state of Lousiana, but destined to Brunswick or New Orleans, consisting of lead, copper, tin and wool, all being enemy property. The prize was carried to Ship Island, and the cargo was there transshipped, by order of Flag Officer McKean, of the United States navy, on board the United States ship Supply, and, in charge of a prize-master, was brought into this port, as prize. The master and crew of the Venus were, at the time of her

---

seizure, taken on board the United States steamer Rhode Island, and transported to Philadelphia, and thence sent to New York, and here examined in preparatorio, before the prize commissioners. The master was part owner of the cargo, and knew of the war with the United States when the schooner sailed, and that the whole Southern coast was under blockade at the time. The schooner sailed under the Rebel flag. No party appeared in court to claim the prize or defend the suit, after processes of attachment and monition therein had been duly served. On these facts there is clear proof that the schooner was lawful prize, both because she was enemy property, and because, at the time, she was pursuing a voyage with design to violate the blockade known to her owner and the owners of the cargo to be in force. The government having, for excusable causes, appropriated her to the public service, she remains under the jurisdiction of the court, and the libellants are entitled to recover her value fixed by the appraisal, and the decree will be entered in their favor for that sum. The cargo transshipped to this port is condemned as lawful prize, and execution, according to due course of law, is to issue for its sale. The proceeds, when deposited in court, will be distributed according to the provisions of the statute in that case provided.